KASOLD, Judge,
concurring in part, dissenting in part:
I concur in the denial of Mr. Paredes’ motion for admission as representative of the appellant, Mrs. De Guzman, on the facts as they presently exist. However, I disagree with the majority’s incorporation into Rule 46(c), the Rule 46(a) requirement that attorneys “be admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a United States territory or commonwealth” before they may be admitted to practice before the Court pro hac vice. This restrictive, re-writing of the Rule so that attorneys may not practice before the Court even on a limited basis and with good cause, without having to become a member of one of the bars so noted, should be accomplished only through our normal rule-promulgating procedures.[1] This is particularly so since Rule 46(c) itself makes no reference back to subsection (a) and was designed specifically to permit admission for good cause on a limited basis; indeed it also explicitly applies to “any other person in exceptional circumstances”. I do not suggest that the Court cannot impose reasonable criteria for admitting someone to practice before the Court in a particular case, and I recommend some criteria below, but mandating admission before one of the noted bars as a prerequisite for pro hac vice admission in every instance imposes a new, unnecessary, and restrictive requirement contrary to the intent of Rule 46(c). Amendment to the rule should only be undertaken after the Court’s current bar and the public have had the opportunity to provide input.
The facts in this case certainly warrant consideration of admission pro hac vice for good cause, as permitted by Rule 46(c). The Court allowed Mrs. DeGuzman’s first attorney on appeal to withdraw on January 5, 2006, and ordered her to file a brief within 60 days. Mrs. DeGuzman, who is indigent and lives in the Philippines, failed *537 to file a timely brief. The Court issued her a show cause order asking why her appeal should not be dismissed. Thereafter, Mr. Paredes, an attorney licensed and working in the Philippines, submitted an appeal brief on her behalf. He is now seeking admission pro hac vice so that a brief may be filed on her behalf.
I do not underestimate the concerns that are noted by the majority with regard to admitting attorneys licensed only in a foreign country. Nevertheless, I note that the Supreme Court permits the admission of attorneys to argue pro hac vice if they are qualified to practice in the courts of a foreign state, on motion of the counsel of record for the party on whose behalf leave is requested. See Sup.Ct. R. 6.; see also Ohio v. Wyandotte Chem. Corp., 401 U.S. 493, 493, 91 S.Ct. 1005, 28 L.Ed.2d 256 (1971). Other courts permit it also; for example, the United States District Court for the Western District of New York specifically provides for the admission pro hac vice for attorneys admitted to practice in foreign countries; in addition to filing a verified petition, as required of all pro hac vice petitioners, foreign counsel must also obtain local counsel, unless waived by the court. See U.S. Dist. Ct. Rules W.D. N.Y. Civil Rule 83.1 and 83.2.
Accordingly, given the circumstances surrounding the need for representation in this case, I would admit Mr. Paredes pro hac vice upon his satisfying the Court that he: (1) is a member in good standing of the Supreme Court of the Philippines, (2) has no disciplinary complaints pending against him for violation of the rules of the Philippines courts, (3) has not been suspended or disbarred for disciplinary reasons from practice in any court, (4) has associated with an attorney admitted to practice before the Court, (5) submits an affidavit stating that he has read the Rules of Practice and Procedure and the Rules of Admission and Practice of the Court, (6) will adhere to the American Bar Association’s Model Rules of Professional Conduct as adopted by the Court, and (7) will comply with all rules of the Court and revise his Legal Representation Fee Agreement to comply with 38 U.S.C. § 5904(d)(1) so that the fee payable to him will not exceed 20 percent of the total amount of past due benefits awarded.
Contrary to the assertions of the majority, I do not offer these criteria as an amendment to Rule 46(c); rather they are tailored to the circumstances of this case, and offered for application herein, as part of the overall assessment of “good cause shown.” Although they might prove to be criteria for consideration in future cases, or even for adoption into our rules at some future time, application in this case would not be binding on any future case. I submit that this is in sharp contrast to the restrictive, rule-amending action undertaken by the majority.

. See 38 U.S.C. § 7264(a) ("proceedings of the Court ... shall be conducted in accordance with such rules of practice and procedure as the Court prescribes"); 28 U.S.C. §§ 2071(b) ("Any rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment.”), 2071(e) ("If the prescribing court determines that there is an immediate need for a rule, such court may proceed under this section without public notice and opportunity for comment, but such court shall promptly thereafter afford such notice and opportunity for comment.”); U.S. Vet.App. R. 40(a) ("The Court will have a Rules Advisory Committee ... for the study of, and advice to the Court on possible changes to, rules of the Court, either sua sponte or at the request of the Court.”).